FRANK THOMPSON ET AL. V. MRS. SOPHIA FORD.

Delivered June 4, 1896.

Patent—Validity—County Line Tract—Record of Field Notes.

A patent from the State to a tract of land lying across the line of two adjoining counties is not void because of a failure to record the field notes of the original survey in both of such counties, and it can be attacked on such ground only by some one having a superior right to the land.

APPEAL from Wharton. Tried below before Hon T. S. REESE.

*J. D. Owen* and *D. S. York*, for appellants.

*Linn & Mitchell*, for appellee.—The county surveyor of either of adjoining counties or land districts is authorized to receive a file or location and to make a valid survey of vacant land lying partly in both counties or districts; and upon the making of such survey and the return of the field notes thereof to the General Land Office the right to the land is a vested right; and the field notes so filed and returned to the land office, is notice to all the world of the equitable appropriation of the land against all subsequent locators or settlers. Groesbeck v. Harris, 82 Texas, 415; De Montel v. Speed, 53 Texas, 342; Constitution, art. 14, sec. 2; Rev. Stats., arts. 3897, 3904, 3951, 4795; Snider v. Methvin, 60 Texas, 487; Bassett v. Brewer, 74 Texas, 556; Magee v. Chadoin, 30 Texas, 644; Hughes v. Perry, 21 Texas, 781.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued appellants, Frank Thompson and Mrs. Louisa Sankbial and others, to recover section of land No. 24 which lies along the line of Jackson and Wharton Counties. She recovered judgment against all of defendants and two of them have appealed. This land was located as an alternate section for the school fund in 1874, by virtue of a certificate issued to the Washington County Railroad Co. and the field notes of the survey were filed in the General Land Office Dec. 31st, 1874, and before that date had been filed in the office of the County Surveyor of Wharton County, but were never recorded in Jackson County. There is some uncertainty as to the location of the boundary line between Wharton and Jackson Counties, the maps in use in the land office and recognized there showing the line at one place and a survey made by one Collingsworth in 1861, under authority from the Commissioners Court of Wharton County showing it to be at a different place. According to the former map the section No. 24 is situated wholly in Wharton County, but, according to the latter, a portion of it is in Jackson County, and such portion is the land in dispute. On the second day of January, 1883, E. C. King made a contract with the State for the purchase of Section 24, and having complied with the law regulating such sales a patent for it was issued to her January 29, 1895. Appellee has acquired her title.

Appellant Sankbial claims a tract of 160 acres known as the J. B. Wallace survey, which, according to the maps in the land office, dated 1865, lies wholly in Jackson County, but which, to the extent of forty acres, conflicts with section 24. This is the subject of the controversy between Mrs. Sankbial and appellee. In 1861, J. B. Wallace settled upon this 160 acres of land, intending to acquire it as a homestead, but never complied with the provisions of the statute regulating the subject. He continued to reside on the land until 1878. In that year Mrs. Sankbial purchased his interest and received a deed for the tract which was duly recorded, and she has since lived upon the tract and has regularly paid all of the taxes thereon. But she has never lived upon or occupied the part of the tract embraced in the lines of section 24 except that, at some time which is not shown, she has put a fence upon it. She has no other claim except such as was acquired through the deed from Wallace and her occupancy.

Appellant Thompson settled on the land claimed by him in 1891 and made application to acquire it as a homestead, but has not complied with the provisions of the statute so as to entitle him to hold the same as a homestead. He has continued since 1891 to reside on the land occupying the part in conflict with section 24. His field notes were returned to the land office in February, 1895. Neither of the appellants, prior to the institution of the suit, had notice of any adverse claim or that it was claimed that the land which they occupied lay in Wharton County.

There is no statement of facts, the foregoing statement being based upon the trial judge's findings, and it is as full as it can be made from such findings.

*Opinion.*—It is claimed that the patent for Section 24 is void as to that portion of the land which lies in Jackson County because the field notes were never recorded in that county. It is not made to appear that the land in controversy is in Jackson County, and this would perhaps suffice to dispose of the case. But if this fact were shown the conclusion contended for would not follow. The validity of the patent when issued would not be affected by the mere failure of the County Surveyor to have the field notes recorded in both counties. The patent itself passes the legal title of the State to the land which it embraces, and only the State or some person having acquired a right to the land prior to its issuance could attack it. If appellants had succeeded in showing that before the issuance of the patent they had acquired a better right to the land than that of the patentee, the patent would not preclude them from asserting it. But the finding of the Court below is that neither of them had complied with the law so as to give them the right to the land as homestead. They were not therefore in a position to contest the title acquired by appellee through her purchase from the State, by asserting that they had settled upon the land and taken the steps essential to fix their rights to it as homesteads, without notice of the prior location. Whether or not under articles 3904, 3923 and 3965

Rev. Stats., the survey of the land, the record of the field notes in Wharton County and the return of them to the land office, would be notice to subsequent locators on the part of it in Jackson County, if indeed any of it was located in that county, we need not decide. In the case of Groesbeck v. Harris, 82 Tex., 415, it is held, under a similar state of facts, that the field notes in the land office gave notice of the entire location. At any rate, the failure of the surveyor, making a survey of land lying partly in a county adjoining his own,' to send the field notes to such other county for record does not render the location void; for, by the terms of art. 3904, it is declared to be valid, and as neither of appellants have shown right to the land they cannot claim to be innocent purchasers. The conclusion of the trial judge that Mrs. Sankbial failed to sustain her plea of limitations was correct. No objection was taken in the court below to the joint judgment for costs against all of the defendants, nor was there any effort made to have the court apportion the costs.

*Affirmed.*